**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS CRUZ, an individual;<br><br>    Plaintiff,<br>v.<br><br>CITY OF PORTERVILLE, a municipal corporation; SERGIO SERNA, in his individual capacity as a law enforcement officer for the PORTERVILLE POLICE DEPARTMENT; and DOES 1-50, inclusive.<br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. On November 10, 2023, Plaintiff Louis Cruz was riding his motorcycle on his way to his mobile home, when he noticed Porterville Police Department Officer Ruben MacHiche in his patrol car. Mr. Cruz did not see Officer MacHiche or Defendant Porterville Police Department Officer Sergio Serna flash their patrol car's lights or turn their sirens on. Once Defendant Serna caught up to Mr. Cruz on foot and grabbed him, he slammed Mr. Cruz onto the cement ground face-first by tackling him and placing his full body weight on Mr. Cruz. Defendant Serna slammed Mr. Cruz to the ground with such force that he broke Mr. Cruz's jaw and five of his teeth.

2. Defendant Serna continued his assault by punching Mr. Cruz several times and called for backup. Defendant Serna then tased Mr. Cruz on his leg and detained him. After the assault on Mr. Cruz, Porterville Police Department Officers called for an ambulance, but then prevented Mr. Cruz from being taken to the hospital by ambulance and instead transported him there themselves.

3. Defendant Serna's brutal use of force against Mr. Cruz caused him to suffer a broken jaw, taser burns, five broken teeth, and an injured right eye that required corrective surgery.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Porterville, California in Tulare County, which is within this judicial district.

///
///
///

## PARTIES

5.  Plaintiff LOUIS CRUZ (hereinafter "Plaintiff" or "Mr. Cruz") is a competent adult, a resident of California, and a citizen of the United States. Plaintiff brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law.

6.  Defendant CITY OF PORTERVILLE (hereinafter "Defendant CITY") is and at all times herein mentioned was a municipal entity duly organized and existing under the laws of the State of California that manages and operates the PORTERVILLE POLICE DEPARTMENT.

7.  Defendant SERGIO SERNA (hereinafter "Defendant Serna") is and at all times herein mentioned a law enforcement officer with the PORTERVILLE POLICE DEPARTMENT.

8.  Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Defendants DOES 1 through 50 are employees of Defendant CITY. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

9.  In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50

acted within the course and scope of their employment for Defendant CITY.

10. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## FACTUAL ALLEGATIONS

12. On November 10, 2023, Plaintiff was on his way to meet his mom at the bank, when he realized that he had forgotten his bank card, which prompted him to return to his mobile home. As he was about to walk inside his motor home, he saw Porterville Police Department Officer Ruben MacHiche (hereinafter "Officer MacHiche") in his patrol car driving in Plaintiff's direction. Due to fear from prior instances where Mr. Cruz had been harmed by members of the Porterville Police Department, Mr. Cruz began running in the opposite direction from Officer MacHiche.

13. As Mr. Cruz ran, Defendant Porterville Police Department Officer Sergio Serna (hereinafter "Defendant Serna") pulled up next to Mr. Cruz and got out of his patrol car to grab Mr. Cruz. Defendant Serna then slammed Mr. Cruz to the pavement face-first, with such force that he broke Mr. Cruz's jaw and five of his teeth. Defendant Serna then put his full body weight onto Mr. Cruz's back, shoving him into the pavement. Despite the fact that Mr. Cruz was on the ground and not resisting, Defendant Serna then cruelly punched Mr. Cruz several times and tased him twice, once on his back and once on his right leg.

14. After his attack on Mr. Cruz, Defendant Serna handcuffed Mr. Cruz and awaited the arrival of other Porterville Police Department Officers.

15. Once Mr. Cruz was placed in the patrol car, despite bleeding profusely, none of the Porterville Police Department Officers acknowledged Mr. Cruz's injuries. Despite an ambulance being called, the officers denied Mr. Cruz from being transported to the emergency room by

ambulance. On information and belief, Defendant Serna was one of the officers who denied Mr. Cruz from being transported by ambulance.

16. Instead, yet-to-be-identified Porterville Police Department Officers transported Mr. Cruz to the emergency room. On information and belief, despite doctors telling the officers that he needed to stay at the hospital, the officers refused to allow Mr. Cruz to be further examined and took him to the police station instead.

17. As a result of the actions of Defendant Serna, Mr. Cruz sustained a concussion, a broken jaw, five broken teeth, and an injury to his eye that required surgery and in which he still suffers blurry vision. Four of Mr. Cruz's five broken teeth had to be completely removed and Mr. Cruz continues to suffer from significant difficulties eating as a result.

### *Monell* Factual Allegations

18. On November 28, 2024, a yet-to-be-identified Porterville police officer attacked a 13-year-old boy by pulling him off his bicycle and slamming him to the ground. The boy was not suspected of any crime, but merely rode his bicycle down a street where the Porterville police officer was arresting an individual with no connection to the child and the police had no reason to believe the individual had any connection to the child. The Porterville police officer slammed the child face-first into the sidewalk, kneeled on the child's back, arrested the child without any charges, and confined him overnight in a juvenile detention facility. (1:25-cv-00261-EPG (E.D. Cal. 2025)).

19. On January 27, 2022, Porterville Police officers Nathan Bray, E. Martinez, and P. Medina believed that a potential suspect was inside the home of Celicia Chavez, despite having no evidence nor reasonable suspicion the suspect was located in her residence. The officers, who did not have a warrant, demanded entry into Ms. Chavez's home. When Ms. Chavez refused, the officers threatened to arrest her and call child protective services for her young children. The

officers proceeded to illegally enter Ms. Chavez's backyard with a K9, threatened to release the K9 on Ms. Chavez, and surrounded her house with guns drawn.  Ms. Chavez, attempting to retrieve shoes for one of her children, opened her back patio door with her nine-month-old baby in her arms, when an officer ran toward her with his firearm pointed at Ms. Chavez and her baby.  Ms. Chavez attempted to retreat into her home, but the officers forced her door open, knocked Ms. Chavez and her baby to the ground, and forcefully dragged her along a concrete patio into a woodchip area.  Ms. Chavez was arrested for "obstructing" the Officers' unlawful entry.  (*Chavez v. City of Porterville*, E.D. Cal. Case No. 1:22-cv-00794-JLT-SKO).

20. On January 18, 2022, Rae Dean Strawn was attending a public city council meeting. Porterville Police Lieutenant Bruce Sokoloff approached Ms. Strawn and ordered her to pull her facemask over her nose.  Ms. Strawn replied that she was wearing her mask in the exact same manner as Officer Sokoloff, whose mask also left his nose exposed.  Lieutenant Sokoloff immediately assaulted and battered Ms. Strawn, then placed her under arrest.  Lieutenant Sokoloff refused to inform Ms. Strawn what law she had broken.  As alleged, the Porterville Police Department did not investigate Lieutenant Sokoloff's use of force, nor discipline him.  (*Strawn v. Sokoloff*, E.D. Cal. Case No. 1:22-cv-1245-AWI-EPG).

21. On October 14, 2021, Mark Bowers was sitting in his vehicle parked near his driveway when Porterville police officer Jarid Skiles confronted Mr. Bowers in response to a welfare check called in by Mr. Bowers's neighbors, who had a long history of harassing and intimidating Mr. Bowers.  During the encounter, Mr. Bowers requested that Officer Skiles serve court documents on his neighbors, to which Officer Skiles refused and threw Mr. Bowers's paperwork back in Mr. Bowers's truck.  Mr. Bowers exited his vehicle, and Officer Skiles immediately tackled him, pushing Mr. Bowers head-first onto the ground.  Officer Skiles pressed his knee into Mr. Bowers's back, pulled his arms in an abnormal position, arrested him, and refused

to loosen Mr. Bowers's overly tightened handcuffs. (*Bowers v. Porterville*, E.D. Cal. Case No. 1:23-cv-01483-KES-SAB).

22. In September 2019, Porterville police officers arrested five children between the ages of 12 and 16 while riding their bicycles down Main Street. Witnesses saw a Porterville police officer throw a non-resisting child off his bicycle. An officer proceeded to pull his gun out and kneel on the child's back.[1] Other witnesses claimed that Porterville police officers tried to run riders over, bicyclists were tased, officers tackled bicyclists off their bicycles, and the injured bicyclists were denied medical attention.[2] The City of Porterville expressly ratified the conduct of its officers, claiming that "no inappropriate use of force [was] used during these arrests" even though the children were merely suspected of minor traffic infractions.[3]

## **DAMAGES**

23. As a direct and proximate result of Defendant's use of excessive force against Plaintiff, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as United States Citizens.

24. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Medical expenses;
   b. Pain and Suffering, including emotional distress;
   c. Violation of constitutional rights; and

---

[1] https://www.yourcentralvalley.com/news/local-news/bicycle-clash-teens-say-police-used-excessive-force-during-bike-ride-2/
[2] https://www.visaliatimesdelta.com/story/news/2019/09/18/police-have-run-large-group-bicyclists-5-teens-arrested/2363225001/
[3] *Id.*

d.  All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

25. The conduct of Defendants SERNA and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants SERNA and DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against Defendant SERNA and DOES 1-50)*

26. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

27. Defendant Serna unlawfully slammed Mr. Cruz onto the ground. Defendant Serna unjustly continued his assault by repeatedly punching Mr. Cruz, tasing him, and placing his full body weight onto him. As a result of Defendant Serna's actions, Mr. Cruz has had to surgery on his right eye and had four of his broken teeth removed.

28. Defendant Serna and DOES 1-50's use of force was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

29. As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*)—42 U.S.C. §1983)**
(*Plaintiff against Defendant CITY and DOES 1-50)*

30. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

31. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including Defendants DOES 1-50, and/or each of them, knew and/or reasonably should have known that Porterville Police Department law enforcement officers exhibit a pattern and practice of engaging in unlawful uses of excessive force against civilians suspected of minor and/or non-existent crimes and who do not physically resist them, as well as escalating contact with passive civilians into violent confrontations without a legitimate law-enforcement purpose to do so, and despite these incidents, none of the Porterville Police Department officers are found to be in violation of police department policy or disciplined or retrained, even under the most questionable of circumstances. Defendants CITY and DOES 1-50's failures to discipline or retrain the law enforcement officers is evidence of an official policy of allowing unlawful uses of excessive force against civilians and ratification of their unconstitutional conduct. The resulting injuries to citizens are a proximate result of Defendants CITY and DOES 1-50's failure to properly supervise Porterville Police Department employees.

32. Plaintiff is informed, believes, and therein alleges that the instances previously discussed in the *Monell* allegations section of this lawsuit are examples of the Defendant CITY's pattern and practice of engaging in unconstitutional uses of excessive force against civilians suspected of minor and/or non-existent crimes and who do not physically resist them.

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged, and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by Porterville Police Department employees.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the

deliberate indifference, recklessness, and/or conscious disregard of the misconduct by Defendants CITY and DOES 1-50, and/or each of them, encouraged these Porterville Police Department employees to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

WHEREFORE, Plaintiff prays for relief as herein set forth.

## JURY DEMAND

35.  Plaintiff hereby demands a jury trial in this action

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendants SERNA and DOES 1-50 in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); and as otherwise may be allowed by California and/or federal law;
5. Any and all permissible statutory damages;
6. For injunctive relief;
7. For the cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: March 7, 25

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Ty Clarke
Ty Clarke
Attorney for PLAINTIFF