UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE, et al.,<br><br>Defendants. | Case No. 1:25-cv-00293-JLT-EPG<br><br>ORDER APPROVING, IN PART, STIPULATION FOR A PROTECTIVE ORDER<br><br>(ECF No. 8) |

      This matter is before the Court on the parties' stipulation for the Court to approve their proposed protective order. (ECF No. 8). Upon review, the Court will approve the stipulation, in part.

      The Court finds the proposed protective order acceptable in most respects. However, the Court notes that the parties define the term "'confidential' information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 8, p. 2) (capitalization omitted).

      Such an expansive definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description

provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." However, the parties elsewhere indicate that the confidential information or items include the following types of information:

- Medical records of Plaintiff;
- Personal information of parties in this litigation or third parties, including but not limited to social security numbers, home addresses, phone numbers, and financial records;
- Personnel records of law enforcement officers;
- Reports pertaining to third parties not involved in this litigation; and
- Internal affairs/professional standards investigations.

(ECF No. 8, p. 2). The Court will limit the parties' definition of confidential information or items to such records.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, the Court's established practices or Rules will govern.

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 8) is approved, in part, as explained above.

IT IS SO ORDERED.

Dated: **May 9, 2025**        /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE

2